IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ADOLPH SPEARS, SR.,                                    CV. 10-402-MA

        Petitioner,                     ORDER TO SHOW CAUSE

   v.

UNITED STATES,

        Respondent.

MARSH, Judge

    Petitioner, an inmate at FCI Sheridan, brings this action pursuant to 28 U.S.C. § 2241. Petitioner seeks to challenge his federal conviction on the basis that the prosecution violated the Jencks Act, 18 U.S.C. § 3500.

### BACKGROUND

    On December 7, 2000, petitioner was convicted of conspiracy to distribute cocaine, conspiracy to launder monetary instruments, possession with intent to distribute cocaine, and money laundering. Petitioner received a sentence of life imprisonment on count 1 (drug trafficking conspiracy), and current 240-month terms of

1 -- ORDER TO SHOW CAUSE

imprisonment on the remaining counts.  Petitioner's conviction was affirmed on appeal, and the U.S. Supreme Court denied *certiorari*. United States v. Spears, 2003 WL 731335 (9th Cir. Mar. 3, 2003), cert. denied, 540 U.S. 939 (2003).

In 2004, petitioner filed a motion to vacate, pursuant to 28 U.S.C. § 2255.  The motion was stayed for a period of time, and petitioner subsequently filed an amended motion to vacate.  On April 8, 2009, the Honorable Ancer L. Haggerty denied petitioner's original and amended § 2255 motions.  United States v. Spears, 2009 WL 972193 (D.Or. Apr. 8, 2009).  Petitioner appealed the denial, but later voluntarily dismissed the appeal.  United States v. Spears, CA No. 09-35463, Order (#5).

On September 17, 2009, petitioner filed a successive § 2255 motion.  United States v. Spears, Crim. No. 98-208-22-HA, Motion (#2454).  Judge Haggerty denied the motion, without prejudice, pending a decision by the Ninth Circuit on whether to grant petitioner leave to file a successive § 2255 motion.  Id., Order (#2458).  On February 10, 2010, the Ninth Circuit denied petitioner's application for permission to file a successive petition.  Spears v. United States, CA 09-73645, Order (#3).

## DISCUSSION

A federal prisoner challenging the legality of his conviction ordinarily must do so by a motion pursuant to 28 U.S.C. § 2255. Harrison v. Ollison, 519 F.3d 952, 954 (9th Cir.), cert. denied, 129

2 -- ORDER TO SHOW CAUSE

S.Ct. 254 (2008); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007).  "Section 2255 allows a federal prisoner claiming that his sentence was imposed 'in violation of the Constitution or laws of the United States' to 'move the court which imposed the sentence to vacate, set aside or correct the sentence.'" Harrison, 519 F.3d at 955 (quoting 28 U.S.C. § 2255).  A prisoner may not bring a successive § 2255 motion unless the court of appeals grants the prisoner permission to do so.  Id.; 28 U.S.C. § 2255.

The one exception to the general rule provides that if a motion under § 2255 is "inadequate or ineffective" to test the legality of his detention, a prisoner may bring a habeas petition under 28 U.S.C. § 2241.  Harrison, 519 F.3d at 956; Stephens, 464 F.3d at 897; Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999), cert. denied, 528 U.S. 1178 (2000); Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).

A § 2255 motion is ineffective or inadequate "'when a petitioner (1) makes a claim of actual innocence; and (2) has not had an unobstructed procedural shot at presenting that claim.'" Harrison, 519 F.3d at 959 (quoting Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006)).  "In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal

court decision.'" Harrison, 519 F.3d at 960 (quoting Stephens, 464 F.3d at 898). The burden to show that a § 2255 is ineffective or inadequate rests upon petitioner. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The fact that petitioner's previous § 2255 motions were denied does not render § 2255 inadequate or ineffective. See Moore, 185 F.3d at 1055; Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988). Similarly, the fact that the court of appeals refused to permit petitioner to file a successive § 2255 motion does not, in and of itself, render § 2255 inadequate or ineffective. Stephens, 464 F.3d at 898; Lorentsen, 223 F.3d at 953.

Further, it does not appear from the face of the petition that a § 2255 motion is inadequate or ineffective to test the legality of petitioner's detention. Although petitioner argues that he is "actually innocent" of the "conspiracy to trade in narcotics obtained from the sources in California", he fails to allege any basis to support a finding that he has been denied an "unobstructed procedural shot" at presenting his Jencks claim on appeal or in his first § 2255 proceeding.

Accordingly, IT IS ORDERED that petitioner shall set forth in writing, within 30 days of this order, facts demonstrating that he has been denied an unobstructed procedural shot at raising his Jencks Act claim in the prior federal proceedings, and facts

4 -- ORDER TO SHOW CAUSE

supporting a finding that he is actually innocent. Petitioner's failure to do so shall result in this court construing petitioner's habeas petition as a *successive* § 2255 motion subject to dismissal for lack of jurisdiction.

    IT IS SO ORDERED.

    DATED this _24_ day of May, 2010.

                                                /s/  Malcolm F. Marsh
                                               Malcolm F. Marsh
                                               United States District Judge